IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| BARBARA S. COLE, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:04-1033 |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's application for Supplemental Security Income (SSI), under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This case is presently pending before the Court on cross-Motions for Judgment on the Pleadings. Both parties have consented in writing to a decision by the United States Magistrate Judge.

The Plaintiff, Barbara S. Cole (hereinafter referred to as "Claimant"), filed an application for SSI on September 19, 2002 (protective filing date), alleging disability as of August 1, 1999, due to uncontrollable diabetes and obesity.[1] (Tr. at 33-34, 44-48.) The claims were denied initially and upon reconsideration. (Tr. at 27-31, 33-34.) On June 12, 2003, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 35.) The hearing was held on October 9, 2003, before the Honorable John Murdock. (Tr. at 289-317.) By decision dated October 30, 2003, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 11-20.) The ALJ's decision became the final

---

[1] This was Claimant's third application for SSI benefits, after previously having filed applications on August 7, 1996, and August 5, 1999, which were denied. (Tr. at 14.)

decision of the Commissioner on July 20, 2004, when the Appeals Council denied Claimant's request for review. (Tr. at 4-8.) Claimant filed the present action seeking judicial review of the administrative decision on September 22, 2004, pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2002). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's

remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2002). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she had not engaged in substantial gainful activity since the alleged onset date. (Tr. at 16.) Under the second inquiry, the ALJ found that Claimant suffered from the severe impairment of obesity, gastro-esophageal reflux disease, and diabetes mellitus. (Tr. at 16.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 16.) The ALJ then found that Claimant had a residual functional capacity for light work with additional non-exertional limitations. (Tr. at 17.) Specifically, the ALJ found that Claimant was able to perform occasionally postural activities and should avoid extremely cold environments and environments with vibrations, hazardous machinery, and heights. (Tr. at 17.) At step four, the ALJ found that Claimant had no past relevant work. (Tr. at 17.) Nonetheless, at the fifth inquiry, the ALJ determined, on the basis of Vocational Expert [VE] testimony, that Claimant could perform light level jobs such as a cleaner/janitor, waitress in a cafeteria, and kitchen helper. (Tr. at 19.) On this basis, benefits were denied. (Tr. at 18-20.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

>evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

Claimant's Background

Claimant was born on November 11, 1954, and was 49 years old at the time of the administrative hearing. (Tr. at 16, 44, 293.) Claimant has a high school education. (Tr. at 18, 53, 60, 293.) Claimant was in the army and received an undesirable discharge. (Tr. at 36.) She has no past relevant work. (Tr. at 17.)

The Medical Record

The Court has considered all evidence of record, including the medical evidence of record and will discuss it further below as it relates to Claimant's arguments.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because the ALJ erred in discounting the opinion and residual functional capacity assessment of

Claimant's treating physician, Sanjay Mehta, D.O. The Commissioner argues that this argument is without merit and that substantial evidence supports the ALJ's decision.

Analysis

Claimant argues that the ALJ erred in failing to give "substantial" weight to the opinion and residual functional capacity assessment of Claimant's treating physician, Dr. Mehta, "without citing any persuasive contradictory evidence." (Pl.'s Br. at 7.) The Commissioner asserts that this argument is without merit.

Claimant sought treatment from Dr. Mehta from August 29, 2001, to September 3, 2003, primarily for her diabetic condition. (Tr. at 162-91, 205-07, 217-20.) Claimant developed diabetes mellitus in the 1980s, and Dr. Mehta monitored her blood sugar levels throughout his treatment of her, noting that the levels were predominantly in the high range. On March 12, 2003, Dr. Mehta examined Claimant and completed a Medical Assessment of Ability to do Work-Related Activities (Physical) form and a form indicating the range of motion and strength in Claimant's upper and lower extremities. (Tr. at 162-63, 217-20.) Dr. Mehta opined that Claimant could lift and/or carry a maximum of 10 pounds and noted that she rarely lifted ten pounds and could stand/walk a total of thirty minutes in an eight-hour workday (only 15 minutes without interruption). (Tr. at 218.) Dr. Mehta further opined that Claimant could sit for one hour without interruption, although her ability to sit was indicated as "unknown." (Tr. at 218.) He noted that Claimant could never climb, stoop, crouch, kneel, and crawl. (Tr. at 218.) Dr. Mehta found that Claimant's reaching, feeling, pushing/pulling, seeing, and hearing were affected by her impairments and that Claimant should avoid heights, temperature extremes, humidity, and vibration. (Tr. at 219.) Specifically, Dr. Mehta found that Claimant experienced chest pain, tingling, and numbness when pushing/pulling (Tr. at

219.) Additionally, Dr. Mehta found that Claimant became dizzy and lightheaded with heights. (Tr. at 219.) Dr. Mehta noted that although Claimant worked as a housekeeper in the past, she had problems lifting, mopping, and pushing a vacuum cleaner and was again experiencing these problems. (Tr. at 220.) With respect to the medical findings that supported his opinion, Dr. Mehta stated: "See progress note." (Tr. at 217-20.)

In evaluating the opinions of treating sources, the Commissioner generally must give more weight to the opinion of a treating physician because the physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. § 416.927(d)(2) (2002). Nevertheless, a treating physician's opinion is afforded "controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence." Ward v. Chater, 924 F. Supp. 53, 55 (W.D. Va. 1996); see also, 20 C.F.R. § 416.927(d)(2) (2002). The opinion of a treating physician must be weighed against the record as a whole when determining eligibility for benefits. 20 C.F.R. § 416.927(d)(2) (2002). If the ALJ determines that a treating physician's opinion should not be afforded controlling weight, the ALJ must then analyze and weigh all the evidence of record, taking into account the factors listed in 20 C.F.R. § 416.927(d)(2)-(6). These factors include: (1) Length of the treatment relationship and frequency of evaluation, (2) Nature and extent of the treatment relationship, (3) Supportability, (4) Consistency, (5) Specialization, and (6) various other factors. Additionally, the regulations state that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." Id. § 416.927(d)(2).

The RFC determination is an issue reserved to the Commissioner. See 20 C.F.R. §§ 404.1527(e)(2); 416.927(e)(2)(2002).

> In determining what a claimant can do despite his limitations, the SSA must consider the entire record, including all relevant medical and nonmedical evidence, such as a claimant's own statement of what he or she is able or unable to do. That is, the SSA need not accept only physicians' opinions. In fact, if conflicting medical evidence is present, the SSA has the responsibility of resolving the conflict.

Diaz v. Chater, 55 F.3d 300, 306 (7th Cir. 1995) (citations omitted). Although medical source opinions are considered in evaluating an individual's residual functional capacity, the final responsibility for determining a claimant's RFC is reserved to the Commissioner. See 20 C.F.R. § 404.1527(e)(2) (2002). In determining disability, the ALJ must consider the medical source opinions "together with the rest of the relevant evidence we receive." Id. § 404.1527(b).

The ALJ noted that Claimant treated with Dr. Mehta and that in his opinion, Claimant could lift a maximum of ten pounds. (Tr. at 17.) The ALJ determined that Dr. Mehta's report contained no objective findings to support the severity of his conclusions and that his conclusions were inconsistent with the other medical evidence of record. (Tr. at 17.) The ALJ made no mention of Dr. Mehta's other notations in the assessment, including his opinion of Claimant's ability to sit and stand. The ALJ's decision contains no further analysis of Dr. Mehta's opinion.

The ALJ set forth the applicable standard for evaluating treating physicians' opinions and noted Claimant's treatment with Dr. Mehta, but provided no substantive analysis of his opinion. The ALJ stated that Dr. Mehta's opinion was not supported by objective findings and the opinion was inconsistent with the other evidence of record. (Tr. at 17.) These reasons were the only ones given by the ALJ as to why he did not give Dr. Mehta's opinion "controlling" weight, and were not accompanied with any explanation. (Tr. at 17.) However, prior to addressing Dr. Mehta's opinion,

7

the ALJ mentioned the physical residual functional capacity assessments of two State agency consulting sources, which found that Claimant could lift and carry a maximum of twenty pounds and could lift/carry ten pounds on a regular basis. (Tr. at 17, 155-59, 193-205.) As the ALJ found in Dr. Mehta's opinion, these opinions likewise do not appear to be based on any particular objective findings. (Tr. at 155-59, 193-205.) The only other medical evidence cited by the ALJ was the testimony of the medical expert, Richard G. Starr, M.D., who noted that Claimant had few work-related limitations. (Tr. at 17.) Dr. Starr opined that Claimant's diabetes, gastric ulcer, and junctional depression were under control and that she experienced only intermittent chest pains, which were probably non-cardiac. (Tr. at 310-11.) At the administrative hearing, the VE testified that if Dr. Mehta's assessment was considered, Claimant would be unable to perform any work. (Tr. at 315.)

The Regulations state that the ALJ must go through a series of steps before deciding not to give a treating physician's opinion controlling weight. Although the ALJ determined that Dr. Mehta's opinion was not entitled to controlling weight, he did not consider any of the factors mentioned in the regulations, including the nature and extent and length of Dr. Mehta's, or any other medical source's, treating relationship with Claimant. The Court should not have to speculate as to why the opinion was not entitled to controlling or significant weight. See DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator.").

Based on the above, the Court concludes that this matter must be remanded for further administrative proceedings consistent with this Memorandum Opinion. On remand, the ALJ should comply with the Regulations in discussing the weight to be afforded the opinion and consider the opinion as a whole, not just the lifting/carrying restrictions. The Court makes no recommendations

or conclusions with regard to Claimant's disability status. That is a decision reserved solely for the Commissioner. Upon remand, the Court requests only that the ALJ comply with all applicable regulations when deciding whether to give controlling weight to the opinions of Claimant's treating physician.

After a careful consideration of the evidence of record, the Court finds that the Commissioner's decision is not supported by substantial evidence. Accordingly, by Judgment Order entered this day, the Plaintiff's Motion for Judgment on the Pleadings is **GRANTED** to the extent that it requests remand and is otherwise **DENIED**; Defendant's Motion for Judgment on the Pleadings is **DENIED**; the final decision of the Commissioner is **REVERSED**; and this matter is **REMANDED** to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further administrative proceedings and is **DISMISSED** from the active docket of this Court.

The Clerk of this Court is directed to send a copy of this Memorandum Opinion to counsel of record.

ENTER: March 31, 2006.

R. Clarke VanDervort
United States Magistrate Judge